UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN FRAZIER,

    Plaintiff,                              Case No. 2:21-CV-11149
                                          HONORABLE DENISE PAGE HOOD
                                          UNITED STATES DISTRICT COURT JUDGE

V.

NOAH NAGY, ET AL.

    Defendants,

_____/

**ORDER REQUIRING PLAINTIFF TO PROVIDE THE COURT WITH SUFFICIENT INFORMATION TO EFFECT SERVICE UPON THE DEFENDANTS**

Before the Court is Plaintiff Alvin Frazier's civil rights complaint filed under 42 U.S.C. § 1983. For the reasons stated below, plaintiff is ordered to sufficiently identify all of the defendants whom he is suing so that service can be directed in this case against all of the defendants.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Where a district court instructs the U.S. Marshal to serve papers on behalf of an *in forma pauperis* prisoner,

1

the prisoner need furnish no more than the information necessary to identify the defendant or defendants. *Sellers v. United States,* 902 F. 2d 598, 602 (7th Cir. 1990).

In the present case, plaintiff has failed to completely identify all of the defendants that he seeks § 1983 relief against, because he only identifies defendants Bailey and Sawicke by their last names. Because plaintiff has inadequately identified these defendants, the Court is unable to order the U.S. Marshal's Service to properly effect service in this case. Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, or at least the dismissal of improperly identified defendants from a lawsuit, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against. *See Jaakola v. Snyder,* 889 F. 2d 1087; 1989 WL 137855, * 1 (6th Cir. Nov. 16, 1989).

Accordingly, plaintiff is **ORDERED** to provide the full names of defendants Bailey and Sawicke within **thirty (30) days** of this order. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, these defendants shall be **DISMISSED FROM THE COMPLAINT.**

                                             S/David. R. Grand
                                             HON. DAVID R. GRAND
                                             UNITED STATES MAGISTRATE JUDGE

Dated:
The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

                                       Deputy Clerk  s/Tracy Thompson

Dated: 7/28/2021