UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER,

          Plaintiff,                     Case No. 2:21-cv-11149
                                     District Judge Denise Page Hood
v.                                 Magistrate Judge Anthony P. Patti

NOAH NAGY,
SCOTT BAILEY,
JEREMY J. SAVICKE,
CHRISTINE MCCUMBER-HEMRY,
JANE DOES, and
JOHN DOES, *et al.*,

          Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF Nos. 14, 28)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendants' motions

for summary judgment on the basis of exhaustion (ECF Nos. 14, 28) and dismiss

Plaintiff's claims without prejudice.

**II.**    **REPORT:**

    **A.**    **Prior Lawsuits**

    Alvin D. Frazier, who proceeds in this matter *in forma pauperis* (ECF No.

5), is currently incarcerated at the G. Robert Cotton Correctional Facility (JCF),

where he is serving a sentence imposed in Case No. 07-029462-FC-1 (Saginaw

County).  *See* https://mdocweb.state.mi.us/otis2/otis2.html (last visited July 21,

2022).

Aside from the instant case, Frazier has filed multiple lawsuits in this

District and has sought consolidation in multiple cases:

- *Frazier v. Bell* (Case No. 2:11-cv-10893-DPH-CEB), a habeas corpus case, in which judgment was entered on October 31, 2013, after which the Sixth Circuit denied Frazier's attempts to file a second or successive petition.  *See* Case No. 20-1320 (6th Cir. Oct. 15, 2020), Case No. 20-2238 (6th Cir. May 10, 2021).

- *Frazier v. Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM), in which a mediation conference took place in January 2020, Judge Lawson denied Frazier's motion to consolidate in November 2021, and judgment was entered in January 2022

- *Frazier v. Linsley, et al.* (Case No. 2:19-cv-10844-GAD-APP), in which judgment was entered on April 11, 2019

- *Frazier v. Linsley*, *et al*. (Case No. 2:19-cv-11248-GAD-APP), in which judgment was entered on August 29, 2019

- *Frazier v. Kisor, et al*. (Case No. 2:19-cv-12419-DML-PTM), which was dismissed on August 5, 2021

- *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), in which a mediation conference took place by video in April 2021, Frazier's motion to consolidate was denied on January 20, 2022, and judgment was entered on February 24, 2022

- *Frazier v. Borchard, et al*. (Case No. 2:21-cv-11119-DML-KGA), in which judgment was entered on July 20, 2021 but there are November 2021 notices of filing motions to consolidate

Frazier also has filed a lawsuit in the Western District of Michigan, in which: (1) judgment was entered in favor of the defendants on March 25, 2020; (2) the motion for reconsideration was denied on August 6, 2021; (3) Plaintiff's appeal is pending (Case No. 21-2900 (6th Cir.)); and, (4) Magistrate Judge Vermaat rejected a motion for consolidation on November 12, 2021. *Frazier v. Woods, et al*. (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.).

## B.    Instant Case

On April 27 or 28, 2021, while incarcerated at JCF, Frazier initiated the instant action against four named Defendants, each listed in the complaint's caption: (1) JCF Warden Noah Nagy; (2) "Dept. Warden U[n]known Bailey" whose subsequent appearance of counsel further identifies him as Scott Bailey; (3) "Unknown Mr. Savicke," whose subsequent appearance of counsel further identifies him as Jeremy J. Savicke; and, (4) "Ms. Unknown Hemry," whose subsequent filings further identify her as Grievance Coordinator Christine McCumber-Hemry. (ECF No. 1, PageID.1; ECF No. 12; ECF No. 14,

PageID.115; ECF No. 26.)  Plaintiff's lawsuit is based on the alleged events of April 2021.  (ECF No. 1, PageID.1-17.)[1]

Defendants Nagy, Bailey, Savicke, and McCumber-Hemry have appeared via counsel.  (ECF Nos. 12, 26.)

### C.    Instant Motion

Judge Hood referred this case to me for all pretrial matters on October 18, 2021.  (ECF No. 16.)  Currently before the Court are:  (1) Defendants Nagy and McCumber-Hemry's October 4, 2021 motion for summary judgment on the basis of exhaustion (ECF No. 14), as to which Plaintiff filed a response dated November 22, 2021 (ECF No. 23, PageID.213), and Defendants Nagy and McCumber-Hemry's December 14, 2021  reply (ECF No. 25); and, (2) Defendants Bailey and Savicke's December 15, 2021 filed a motion for summary judgment on the basis of exhaustion (ECF No. 28), as to which Plaintiff filed a response on February 23, 2022 (ECF No. 33),[2] and Defendants Bailey and Savicke's March 17, 2022 reply,

---

[1] The caption also includes John and Jane Does (ECF No. 1, PageID.1), and the body of Plaintiff's complaint makes references to an "unknown Damon" and an "unknown Lovelace" and an "unknown Austin" (ECF No. 1, PageID.11-14). However, "[t]he title of the complaint must name all the parties[.]"  Fed. R. Civ. P. 10(a) ("Caption; Names of Parties.").  Therefore, this report proceeds on the only four defendants who are named in this suit.

[2] To the extent Plaintiff's February 23, 2022 response requests the appointment of counsel, personal bond, or release on home confinement so he can "adequately litigate [his] causes in court[,]" (ECF No. 33, PageID.299), the Court recently denied without prejudice Plaintiff's motion for appointment of counsel (see ECF

4

in which they state that, "Frazier's so-called response does not address any of the arguments raised in their summary judgment motion, but complains about his current conditions of confinement—i.e., issues entirely unrelated to the claims asserted in his complaint." (ECF No. 34, PageID.303-304.)

### D.    Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the

---

Nos. 31, 35).  Moreover, in this civil matter, the Court is not in a position to remove Plaintiff from confinement imposed in a criminal case.

motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .   [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

   Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

6

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

### E.   Discussion

#### 1.   Factual allegations

The matters underlying this lawsuit occurred from mid-April 2021 to late-April 2021.  Plaintiff claims that on or about April 13, 2021, he was talking with assigned mediator Paul Monicatti regarding *Frazier v. Washington*, *et al.* (Case

No. 4:20-cv-11105-MFL-DRG), and "some (JCF) employed defendants listen[ed] [i]n by the door."  (ECF No. 1, PageID.1 ¶ 1.)  Plaintiff claims Savicke and McCumber-Hemry listened to the confidential conversation.  (*Id*., PageID.5 ¶¶ 6-7.)

On or about April 14, 2021, Plaintiff experienced threats, and Plaintiff planned "to bring to light confidential information to (JCF) Warden Noah Nagy . . . ."  (*Id*., PageID.2-4 ¶¶ 4-5.)  According to Plaintiff, on or about April 15, 2021, there was a shake down, which Plaintiff contends was in retaliation for his then-pending civil case, presumably:  (a) *Frazier v. Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM), a case in which Savicke and McCumber-Hemry were named; and/or, (2) *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), a case in which Nagy was named.  (ECF No. 1, PageID.4-5 ¶ 6; ECF No. 23, PageID.222.)  Plaintiff claims Savicke "did a shake down of [Plaintiff's] area of control and when going in [his] 'legal footlocker' outside [his] presence s[aw] the Court['s] response to [Case No. 2:19-cv-10389-DML-PTM]," and, in retaliation, Savicke wrote a Class I misconduct for contraband of weapons, which seemingly involved McCumber-Hemry "report[ing] false claims without a proper investigation."  (*Id*.)[3]

---

[3] Presumably, Plaintiff is referring to the April 15, 2021 contraband removal record (two pieces of sharpened metal, one with a wooden handle) and the resulting Class I misconduct for possession of a weapon signed by McCumber-Hembry, for which

Plaintiff alleges that "[r]acial prejudice geared towards [him] since April 15, 2021, has reached [its] highest point due to [Savicke and McCumber-Hemry], et al., leaving [his] blue legal footlocker open . . . ." (*Id.*, PageID.8-9 ¶ 9.)  He was then "faced with more retaliation from prisoners and (JCF) employe[es] . . . ." (*Id.*)  He describes threats he allegedly received on or about April 20, 2021 from Melvin and/or Kruger (Kreuger).  (*Id.*, PageID.10 ¶ 11.)[4]  He also describes employees viewing his legal mail in segregation on April 22 and/or April 23, 2021.  (*Id.*, PageID.11 ¶ 13.)

---

the hearing took place on April 22, 2021 and Plaintiff was found not guilty.  *See* Case 4:20-cv-11105-MFL-DRG (ECF No. 26, PageID.198-203, therein) (now closed).  In a subsequent filing in the instant matter, Plaintiff seems to describe this particular misconduct ticket and hearing process as follows:  "Because of my constant complaining about [JCF] conditions, prison officials engaged in severe retaliation by planting a dangerous weapon in my cubical designated area of control and required another prison official to search my area and find the weapon and issue me a major misconduct report and threw me in segregation, but fortunately I was able to prove the setup, where I was found not guilty on the misconduct report."  (ECF No. 33, PageID.298.)

[4] Incidentally, on or about April 20, 2021, Plaintiff:  (a) received a misconduct for "out of place," for which the hearing took place on April 27, 2021 (and Plaintiff's testimony mentioned Melvin and Kreuger), of which Plaintiff was found guilty, and regarding which Security Classification Committee (SCC) member Defendant Bailey signed an April 27, 2021 security reclassification notice; (b) was issued a contraband removal record, which reflects confiscation of a white pair of Reebok tennis shoes (size 10); and, (c) received a misconduct for "disobeying a direct order" to "put some shower shoes on his feet . . . [,]" for which the hearing took place on April 30, 2021 and of which Plaintiff was found guilty.  *See* Case 4:20-cv-11105-MFL-DRG (ECF No. 26, PageID.204-210, therein).

Plaintiff claims his misconduct hearing took place on April 24, 2021 (although as noted earlier it appears to have occurred on April 22, 2021), even though he had not been provided "proper 24 hours notice for seeing a hearings investigator[.]"  (*Id.*, PageID.5-6 ¶ 7.)  Plaintiff signed the instant complaint on April 27, 2021 – seemingly the same date of the mediation conference in Case No. 4:20-cv-11105-MFL-DRG and *a mere three to five days* after the misconduct hearing.  (ECF No. 1, PageID.16-17.)

### 2.    Exhaustion

Each of the pending motions for summary judgment currently before the Court presents the same issue – *i.e.*, whether "Frazier failed to properly exhaust administrative remedies on any of his claims against MDOC Defendants[?]"  (ECF No. 14, PageID.113; ECF No. 28, PageID.252.)  Because Defendants Bailey and Savicke adopt by reference their co-Defendants' motion (*see* ECF No. 28, PageID.254), this report only cites to Defendants Nagy and McCumber-Hemry's motion (ECF No. 14) going forward.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The MDOC's 3-step prisoner/parolee grievance procedure is set forth in MDOC PD 03.02.130

10

(effective March 18, 2019). (ECF No. 14-2.) Importantly, this policy directive provides: "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy." (*Id.*, ¶ C.)

### 3. Plaintiff's grievances

Frazier's MDOC Prisoner Step III Grievance Report confirms receipt of multiple Step III grievances during an approximate 6.5-year period (January 1, 2015 – August 11, 2021). (ECF No. 14-3.) However, only 4 of those grievances – JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, & JCF-21-04 0770-28E – were received at Step I in April 2021, and each had a related Step III grievance received on June 1, 2021. (ECF No. 14-3, PageID.139.)

Plaintiff initiated this matter on April 27, 2021 or April 28, 2021 (the post-marked date). (ECF No. 1, PageID.16-18.) Thus, there was only a brief, approximate 2-week time period between the mid-April alleged retaliation and the late-April 2021 filing of this lawsuit. More to the point, the late-April 2021 filing of this lawsuit occurred *prior to* the MDOC's June 1, 2021 receipt of Plaintiff's Step III grievance appeals in JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, & JCF-21-04 0770-28E. As Defendants correctly contend, when Plaintiff filed the instant lawsuit (on April 27 or 28, 2021), "he had not pursued

through Step III any grievances arising out of the alleged incidents occurring [i]n April . . . 2021, which form the basis of his claims." (ECF No. 14, PageID.115-116; *see also id.*, PageID.123-124.) In other words, even if JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, or JCF-21-04 0770-28E concerned Plaintiff's claims in this lawsuit against Nagy, McCumber-Hemry, Bailey, and/or Savicke, these grievances would not operate to exhaust Plaintiff's administrative remedies with respect to the claims set forth in Plaintiff's late-April 2021 complaint, because claims grieved in those grievances would not have been exhausted until sometime after June 1, 2021. Accordingly, to the extent Plaintiff relies upon his pursuit of any of these grievances to exhaust his claims in the present matter against Nagy, Bailey, Savicke and/or McCumber-Hemry, the April 2021 complaint is premature.

### 4. Availability of administrative remedies

#### a. Plaintiff's April 2021 complaint

From the first paragraph of his complaint, Plaintiff seems to "claim" relief under *Ross v. Blake*, 578 U.S. 632, 643 (2016). (ECF No. 1, PageID.1 ¶ 1.) In *Ross*, the Supreme Court stated: (a) "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (b) "an administrative scheme might be so opaque

that it becomes, practically speaking, incapable of use[;]" and, (c) "the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-644.

### b.    Plaintiff's November 2021 response

Plaintiff's response to Nagy and McCumber-Hemry's motion for summary judgment is multi-faceted.  He seeks relief with respect to his pleading.  For example, he cites various subsections of the summary judgment rule, such as Fed. R. Civ. P. 56(c)(2) ("Objection That a Fact Is Not Supported by Admissible Evidence."), Fed. R. Civ. P. 56(c)(3) ("Materials Not Cited."), and Fed. R. Civ. P. 56(c)(4) ("Affidavits or Declarations."), as well as Fed. R. Civ. P. 56(e) ("Failing to Properly Support or Address a Fact."), and asks that the Court enter an order granting summary judgment in *his* favor, presumably under Fed. R. Civ. P. 56(f)(1).  (*Id.*, PageID.210, 211, 219, 223.)  Additionally, he seems to seek mental or emotional damages as discussed in *Siggers-El v. Barlow*, 433 F Supp. 2d 811, 815-817 (E. D. Mich. 2006) (Tarnow, J.).  (*Id.*, PageID.221, 225, 237.)  And, should the case not be decided on summary judgment, he requests a jury trial.  (*Id.*, PageID.222, 226.)

He additionally refers to some of his other cases – *Frazier v. Woods*, *et al*. (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.) (his "original" case), *Frazier v.*

*Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM) (his "original action" in the E.D. Mich.), and *Frazier v. Washington, et al*. (Case No. 4:20-cv-11105-MFL-DRG). (*Id*., PageID.219-221, 223, 225.) And, he: (i) attaches a copy of an October 19, 2021 declaration (signed by Robinson and Christian Hogg) (*see id*., PageID.230-233), which was apparently filed in *Frazier v. Woods*, *et al*. (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.) and/or Plaintiff's related and still pending appeal (Case No. 21-2900 (6th Cir.); and, (ii) asks the Court to consider evidence submitted in *Frazier v. Washington*, *et al*. (Case No. 4:20-cv-11105-MFL-DRG), namely, the April 2021 material to which Judge Grand cited in his June 29, 2021 order (ECF No. 30, PageID.230, therein). (ECF No. 23, PageID.220, 221, 223.)

Although Plaintiff's response is multi-faceted, his citations to ECF No. 14 make clear that he intended this filing to be a response to Defendants Nagy and McCumber-Hemry's October 4, 2021 motion for summary judgment. (*Id*., PageID.210, 220, 222.) Throughout the filing, Plaintiff claims the grievance process was unavailable, at one point contending that grievance coordinator McCumber-Hemry and correctional officer Savicke, in concert, made any administrative remedy "unavailable" for Plaintiff. (ECF No. 23, PageID.210, 211, 213, 215, 218, 219, 223, 226.) Yet, focusing upon his "legal arguments," (*id*., PageID.223-225), Plaintiff's response is ineffective. First, he contends that the PLRA does not require *pro se* prisoners "to continue repeatedly to exhaust

14

*unavailable* 'MDOC' administrative remedies" as to Defendants who are

"involved in other pending lawsuits," who are "named as Defendants," and who

"continue[] to retaliate on him prior to bringing a new claims on same MDOC

Defendants" for violation of his constitutional rights. (*Id*., PageID.223 (emphasis

added).) But, considering Plaintiff submitted four Step I grievances at JCF during

April 2021, he does not explain how the MDOC's grievance procedure – as

outlined in MDOC PD 03.02.130 – was unavailable. Nor does he point to any law

excusing him from grieving prison officials based on the fact that they are

"involved in other pending lawsuits." Second, Plaintiff contends that Defendants –

who were "parties in prior filed lawsuits," engaged in a search of his cell, and

looked through his legal footlocker, at which point they saw their names on "filed

complaints" and then retaliated against him – are not entitled to immunity. (*Id*.,

PageID.224.) This is a merits-based argument. The same can be said of Plaintiff's

observation that "[n]o person reporting conditions which may constitute a violation

under this subchapter shall be subjected to retaliation in any manner for so

reporting." 42 U.S.C. § 1997d. (ECF No. 23, PageID.218.) However, the issue

presently before the Court is whether Plaintiff has exhausted his available

administrative remedies as to his claims, not whether those claims have merit (*i.e.*,

whether retaliation actually occurred). Defendants are entitled to raise a

meritorious argument that Plaintiff has failed to comply with 42 U.S.C. §

1997e(a)'s exhaustion requirement before filing this lawsuit.  Such an argument is not, as Plaintiff describes it, a "sham."  (*Id*., PageID.224.)

### c.    Plaintiff's February 2022 response

Later, in what seems to have been Plaintiff's response to Bailey and Savicke's motion for summary judgment (ECF No. 28), Plaintiff claims to be "house[d] under conditions that render it impossible to engage in any form of meaningful litigation or [legal] research."  (ECF No. 33, PageID.297-298.) Among the things with which he specifically takes issue are:  (a) closure of the law library; (b) refusal to provide reasonable access to research material, reasonable assistance in preparing proceedings, or reasonable legal photocopies; (c) damage to his vision; (d) daily exposure to second-hand smoke from prisoners' drug use, which impairs him mentally, dilates his pupils, and causes bloodshot eyes; (e) constant fear of the behavior and consequences of drug-addicted prisoners; and, (f) JCF's rat infestation, which has led to damage to and destruction of his legal records.  (*Id*., PageID.297-298.)  Plaintiff claims this is causing an inordinate delay in his litigation.  (*Id*., PageID.298.)  Yet, Plaintiff's alleged conditions of confinement do not convince the Court that the grievance process was unavailable where it is clear Plaintiff submitted four grievances during April 2021, and again, they tend towards a merits based focus, *i.e.*, prison conditions, rather than being responsive to the exhaustion issue.  And none of this explains why he could file

Step I grievances in April 2021 but not follow through with appeals of those grievances to Steps II and III.

### F.    Conclusion

Plaintiff contends to have submitted proof that Defendants made any administrative remedies "unavailable" by violating his constitutional rights (*id*., PageID.226); yet, there is evidence otherwise.  Here, to the extent Plaintiff argues the MDOC's grievance process was "unavailable," Defendants Nagy and McCumber-Hemry correctly observe that Plaintiff "filed four Step I grievances between April 20 and 28, 2021, and then pursued those to Step III on June 1, 2021."  (ECF No. 25, PageID.242-243; ECF No. 14-3, PageID.139.)  Thus, the grievance process appears to have been available to Plaintiff in April 2021.  In fact, of the four April 2021 grievances:  (a) JCF-21-04-0728-28C was received at Step I on April 20, 2021; (b) two others – a – were received at Step I on April 27, 2021; and, (c) JCF-21-04-0779-28E was received at Step I on April 28, 2021.  Therefore, *at least one or as many as three grievances were received at Step I when Plaintiff signed his complaint on April 27, 2021, and 1 was received at Step I on the date Plaintiff's complaint was post-marked*.  Accordingly, the Court should conclude that "the grievance process was available to Frazier, but he did not exhaust any claims arising out of the alleged April . . . 2021, incident[s] when he filed his lawsuit on April 27 [or 28], 2021."  (ECF No. 25, PageID.243.)

17

For the reasons stated above, the Court should **GRANT** Defendants'

motions for summary judgment on the basis of exhaustion (ECF Nos. 14, 28) and

dismiss Plaintiff's claims without prejudice. *See*, *e.g.*, *Freeman v. Francis*, 196

F.3d 641, 645 (6th Cir. 1999) (recognizing that "plaintiff made some attempts to

go through the prison's grievance procedures," noting that "he filed his federal

complaint before allowing the administrative process to be completed.").

## III.    PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to

file specific objections constitutes a waiver of any further right of appeal.  *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  July 27, 2022                      s/*Anthony P. Patti*
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE