UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER,

    Plaintiff,

v.

NOAH NAGY, SCOTT BAILEY,
JEREMY J. SAVICKE, CHRISTINE
McCUMBER-HEMRY, JANE DOES,
and JOHN DOES,

    Defendants.
_____/

Case No. 21-11149
Hon. Denise Page Hood

**ORDER ADOPTING REPORT AND RECOMMENDATION
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT [ECF No. 39] and DISMISSING CAUSE OF ACTION**

On April 28, 2021, pro se Plaintiff Alvin Frazier ("Frazier") filed this 42 U.S.C. § 1983 complaint. Frazier challenges the conditions of his confinement at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. ECF No. 1. Frazier alleges that JCF officials retaliated against him on or around April 13-15, 2021. Id.  Presently before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation dated July 27, 2022 (the "R&R"). ECF No. 39. In the R&R, the Magistrate Judge recommends that the Court grant the Motions for Summary Judgment filed by Defendants Nagy and McCumber-Hemry's (ECF No. 14) and

Defendants Bailey and Savicke (ECF No. 28). ECF No. 39, PageID 366. Frazier timely filed a "Letter Objective" (objections) to the R&R.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court also has reviewed Frazier's objections, but the objections generally do not challenge the Magistrate Judge's conclusions.

First, Plaintiff complains of issues related to eyeglasses, something that is not relevant to, or addressed in, the Defendants' motions for summary judgment or the R&R. Second, Plaintiff contends that he is has been quarantined due to a cellmate testing positive for Covid-19 and does not have access to law library materials at JCF or the "legal writer assigned assistant." The Court does not find that those issues, even if addressed, would help Plaintiff demonstrate how he completed the exhaustion requirements that the Magistrate Judge found that Plaintiff failed to satisfy.

Third, Plaintiff insists this case deserves a jury trial pursuant to "stare decisis" and the supremacy clause because for (some unidentified reason) the state law conflicts with federal law, such that the state law should be rendered invalid. As Plaintiff fails to explain how federal law conflicts with any state law as it relates to this case (in particular, the failure to exhaust requirement), and the Court

is not otherwise aware of any such conflict of laws, the Court is not persuaded that "stare decisis" or the supremacy clause warrant the denial of summary judgment with respect to either motion.

Fourth, Plaintiff indicates that he has a documented diagnosis of PTSD and Anxiety related to his PTSD, but the Court finds that these conditions do not bear on the issues presented in Plaintiff's cause of action, the summary judgment motions, or in the R&R.

For the reasons stated, the Court determines that Plaintiff's objections to the R&R have do not alter the well-founded conclusions in the R&R. The Court adopts the Report and Recommendation in its entirety. Accordingly, for the reasons stated above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Anthony P. Patti [ECF No. 39, filed July 27, 2022] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law, except for the very limited correction set forth below.

IT IS FURTHER ORDERED that Plaintiff's Letter Objective [ECF No. 41, filed August 12, 2022] does not constitute a basis for altering the conclusions set forth in the R&R.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment [ECF Nos. 14 and 28, filed October 4, 2021 and December 15, 2021, respectively] are GRANTED.

IT IS FURTHER ORDERED that, as the claims against all named Defendants have been dismissed, the Court DISMISSES Plaintiff's cause of action, without prejudice.  Judgment shall be entered separately.

IT IS ORDERED.

DATED: September 29, 2022

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge